# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JACYNTHIA ARRINGTON,** | |
| Plaintiff, | |
| v. | Case No. 2:25-cv-367-HDM |
| **CAPITAL VISION,** | |
| Defendant. | |

## MEMORANDUM OPINION

Plaintiff JaCynthia Arrington alleges that her employer, Defendant Capital Vision, violated the Pregnancy Discrimination Act and the Americans with Disabilities Act by reducing her hours after she became pregnant. (Doc. 8). Without reaching the merits of the claim, the court finds that Arrington's Amended Complaint, (doc. 8), is due to be **DISMISSED WITH PREJUDICE** for her failure to prosecute.

## BACKGROUND

Plaintiff JaCynthia Arrington, proceeding *pro se*, commenced this lawsuit on March 11, 2025. (Doc. 1). In her original Complaint, she alleged that her employer, Defendant Capital Vision, reduced her scheduled hours in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12112–12117, after she became pregnant. *Id.* at

3–5. After permitting Arrington to proceed *in forma pauperis*, the court screened her Complaint to determine whether it was frivolous or malicious, failed to state a claim on which relief can be granted, or sought monetary damages from a defendant immune from such relief, (doc. 7 at 2), as it was required to do, 28 U.S.C. § 1915(e)(2)(B). The court identified deficiencies in Arrington's Complaint and ordered her to file an Amended Complaint, *id.* at 7, which she timely did, (doc. 8).

In Arrington's Amended Complaint, she asserted substantially the same grounds for relief as in the original Complaint: after she became pregnant, she "experienced an immediate reduction in hours" by her employer, Capital Vision. *Id.*, ¶ 3. In the Amended Complaint, she alleged that this conduct violated the Americans with Disabilities Act and the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k). *Id.* at 1. The Clerk of Court issued a summons for service upon Capital Vision on May 21, 2025, (doc. 10), but it was returned unexecuted on July 25, 2025, (doc. 11). The court subsequently advised Arrington that it was her responsibility to provide a current address for Capital Vision, (doc. 12), which she did, (doc. 13).

The Clerk issued an alias summons for Capital Vision on August 26, 2025. (Doc. 15). On September 19, 2025, and without any proof of formal, proper service, Capital Vision filed a Motion to Quash Service and to Dismiss Plaintiff's Amended Complaint. (Doc. 19). The court ordered Arrington to file a reply on or before October 20, 2025, (doc. 22), but she did not do so. On November 19, 2025, the court

2

ordered Arrington to show cause in writing why her case should not be dismissed for failure to prosecute. (Doc. 25). In her timely response to the show-cause order, Arrington did provide the court with enough information to demonstrate good cause for her failure to respond to Capital Vision's Motion—she gave birth the same month the court set the briefing schedule while trying to prosecute this matter *pro se*—but she also attempted to litigate her case on the merits by realleging her underlying claims. (Doc. 26).

In an attempt to move this case forward and in deference to Arrington's *pro se* status, the court permitted her one last chance to respond to Capital Vision's Motion. (Doc. 27). The court's order included the following language:

> **Plaintiff is explicitly warned that her reply *must* substantively address the arguments Defendant raised in its motion and not simply repeat or attempt to supplement the claims and allegations in her Amended Complaint.** Failure to do so, or failure to comply with the timeline set forth in this Order, will result in dismissal of this case with prejudice without further notice pursuant to this court's inherent authority to manage its own docket. *See, e.g.*, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962).

*Id.* at 1–2. This order required a response from Arrington on or before January 19, 2026, *id.* at 1, but, as of the date of this Memorandum Opinion, Arrington has not responded to Capital Vision's September 19th Motion. Indeed, she has not filed anything at all: her most recent activity in this case was on December 9, 2025, more than three months ago, (doc. 26), and there is no evidence that she is continuing to take an active role in prosecuting her case.

## ANALYSIS

Federal Rule of Civil Procedure 41 provides that "[i]f the plaintiff fails to prosecute . . . a defendant may move to dismiss the action or any claim against it," Fed. R. Civ. P. 41(b), and a court may act *sua sponte* pursuant to this rule as part of its inherent authority to manage its own docket, *see, e.g.*, *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005); *Barker v. Fabarc Steel Supply Inc.*, No. 1:23-cv-625, 2025 WL 480798, at *1 (N.D. Ala. Feb. 12, 2025) ("Courts may dismiss cases *sua sponte* when the plaintiff fails to prosecute his case."). Arrington, by failing to respond to the court's clear order, (doc. 27), and, indeed, by failing to file anything or take any action in more than three months, has failed to prosecute this case and it is therefore due to be dismissed pursuant to Rule 41(b) and the court's inherent power to manage its own docket, *Betty K Agencies, Ltd.*, 432 F.3d at 1337.

A dismissal for failure to prosecute should be with prejudice "*only* when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Id.* at 1337–38 (citation and quotation marks omitted). The Eleventh Circuit has affirmed dismissals with prejudice when a *pro se* plaintiff receives and disregards multiple warnings about the consequences of failure to comply with court orders and diligently prosecute the case. *Thomas v. Montgomery Cnty. Bd. of Educ.*,

4

170 F. App'x 623, 626 (11th Cir. 2006) (per curiam). Accordingly, this court generally does not find "a clear pattern of delay or willful contempt" sufficient to support a dismissal with prejudice, *Betty K Agencies, Ltd.*, 432 F.3d at 1338, unless the plaintiff has demonstrated recurring—rather than isolated—disobedience, *see e.g.*, *Barker*, 2025 WL 480798, at *1 (dismissing a complaint with prejudice because the plaintiff "repeatedly failed to respond to filings and court orders").

The court finds that dismissal with prejudice is appropriate because Arrington's conduct demonstrates a clear pattern of delay or willful conduct and lesser sanctions will not suffice. *Betty K Agencies, Ltd.*, 432 F.3d at 1337–38. After Capital Vision filed its Motion, this court gave Arrington nearly a month to reply, (doc. 22), and yet she failed to do so. This court was then obliged to issue an order requiring Arrington to show cause why the action should not be dismissed for failure to prosecute and, in doing so, reminded her that she has an obligation to actively prosecute this case. (Doc. 25). Although Arrington did sufficiently show such cause, (doc. 26), she stopped there and has neither responded to the court's subsequent order, (doc. 27), nor filed anything else to suggest that she continues to actively prosecute this action. The court has already shown great leeway to Arrington as a *pro se* plaintiff, as it must, *see, e.g.*, *Dean v. Barber*, 951 F.2d 1210, 1213 (11th Cir. 1992) (citations omitted), but her own conduct makes it apparent that no amount of

5

accommodation and patience will encourage her to take an active part in the litigation she initiated.

## CONCLUSION

For the reasons set forth above, the court **ORDERS** as follows:

1. Plaintiff JaCynthia Arrington's Amended Complaint, (doc. 8), is **DISMISSED WITH PREJUDICE,** costs taxed as paid.

2. Defendant Capital Vision's Motion to Quash, (doc. 19), is **DENIED AS MOOT.**

3. The Clerk of Court is **DIRECTED** to mail a copy of this Memorandum Opinion to Arrington at her address on file.

4. The court will enter a separate final judgment.

**DONE** and **ORDERED** on March 13, 2026.

_____
**HAROLD D. MOOTY III**
UNITED STATES DISTRICT JUDGE